UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JONATHAN DURWOOD PUCKETT**                                                                                 **PLAINTIFF**

**v.**                                                                                  **CIVIL ACTION NO. 3:23-CV-P460-JHM**

**DR. WILLIAM D. KIRK** *et al.*                                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan Durwood Puckett initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and consideration of Plaintiff's motion to amend the complaint (DN 9). For the reasons stated below, the Court will grant Plaintiff's motion to amend, dismiss some claims, and allow other claims to proceed.

**I.**

Plaintiff is incarcerated as a pretrial detainee at Marion County Detention Center (MCDC). He names the following as Defendants – Dr. William D. Kirk, MCDC Medical Provider; Barry Brady, MCDC Jailer; Trina Lee, MCDC Head Nurse; "Donna," MCDC Psychologist; and Marion County Fiscal Court. Plaintiff sues Defendant Kirk in both his official and individual capacities and sues Defendants Brady, Lee, and Donna in their official capacities only.

Plaintiff makes the following allegations in the complaint:

(Negligence, Malicious Intent/Retaliation, Hippa Violations). I arrived at [MCDC] on May 12, 2023 . . . . On arrival I was denied most of my regular medications as ordered by SNOP in Texas and was informed I'd receive my prescription meds after being ordered here by the Provider Dr. Kirk. On Jun 7, I received my meds with no direct Dr. consultation at all, but was after speaking with the psych on staff though were not told what meds I'd be receiving. I was given Abilify as one of my med replacements without notifying me and suffered a seizure and would have refused the med if known as I've had complications with the med in the past through Disability Rights Texas. I had it stopped immediately. I've not been receiving

proper pain meds which is Cruel and Unusual Punishment to be allowed to suffer an undue amount of unnecessary pain, and lengthy wait times to treat meds issues of up to a month or more. Received response to severe neck pain on 5-29-23 being told to lay differently in my bunk. I've requested copies of my medication list or any copy requests denied by wrongly citing Hippa and a complaint was sent to the Hippa Ombudsman and multiple grievances filed to which I've received retaliatory threats on 7-17-23 claiming my complaints were unfounded . . . . I finally saw Dr. Kirk personally on 7-14-23 to which he stated he had seen me on 6-14-23 although camera footage proves this false . . . . I'm still in constant pain and fear requesting medical copies toward other proceeding due to retaliatory threats and even nurses being threatened by Trina Lee if they assist me. Also, after my seizure, my eyesight has been negatively impacted.

Plaintiff's motion to amend the complaint pertains to the relief he requests. In the amended complaint (DN 9), he requests a specific amount of money damages, punitive damages, and damages for "expenses and future care." Upon consideration, the Court will grant Plaintiff's motion to amend the complaint.[1]

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

---

[1] Plaintiff filed the motion to amend fifteen days after he filed the complaint. Under Fed. R. Civ. P. 15(a)(1)(A), a party may amend its pleading once as a matter of course no later than 21 days after serving it.

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A. 42 U.S.C. § 1983

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Marion County Fiscal Court and Official-Capacity Claims

Plaintiff's claims against the Marion County Fiscal Court are actually against Marion County. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself). Plaintiff's official-capacity claims against the other Defendants are also against Marion County. *Kentucky v. Graham*, 473 U.S. 159, 166

3

(1985) ("Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). A municipality such as Marion County cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that any constitutional violation occurred pursuant to a policy or custom of Marion County. Thus, Plaintiff's claims against Marion County Fiscal Court and his official-capacity claims against the other Defendants must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

#### a. Fourteenth Amendment

The Court construes the complaint as asserting Fourteenth Amendment claims for deliberate indifference to Plaintiff's serious medical needs. The Due Process Clause of the Fourteenth Amendment "forbids holding pretrial detainees in conditions that 'amount to punishment.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 405 (2015) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Therefore, when a pretrial detainee asserts a claim related to medical treatment, the claim is analyzed under the Fourteenth Amendment. *Griffith v. Franklin Cnty.*, 975 F.3d 554, 566-67 (6th Cir. 2020) (citing *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018)). The Sixth Circuit most recently explained the Fourteenth Amendment standard as follows:

4

> The standard in this circuit to prove a deliberate-indifference claim brought under the Fourteenth Amendment by a pretrial detainee is clear. To make out such a claim, a plaintiff must demonstrate (1) an objectively serious medical need; and (2) that the defendants, analyzed individually, acted (or failed to act) intentionally and either ignored the serious medical need or "recklessly failed to act reasonably to mitigate the risk the serious medical need posed." *Greene v. Crawford Cnty*, 22 F.4th 593, 607 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.,* 14 F.4th 585, 597 (6th Cir. 2021). Stated differently, a pretrial detainee must have a serious medical need, and the defendant must act, whether through intentional action or omission, recklessly in response to the need and the risk it presented to the detainee. *Helphenstine v. Lewis Cnty.,* 60 F.4th 305, 314 (6th Cir. 2023).

*Grote v. Kenton Cnty.*, 85 F.4th 397, 405 (6th Cir. 2023).

### 1. Jailer Brady

Plaintiff did not sue Jailer Brady in his individual capacity but, even if he had, the claim against him would fail. Because Plaintiff makes no allegations against Jailer Brady, the Court assumes that Plaintiff is suing him based upon his supervisory role at MCDC. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[P]roof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff's allegations do not give rise to a reasonable inference that Defendant Brady had any personal involvement in the actions about which Plaintiff complains. Thus, if Plaintiff

had sued Defendant Brady in his individual capacity, the claim would be dismissed for failure to state a claim upon which relief may be granted.

### 2. Dr. Kirk

Broadly construing the complaint, Plaintiff seems to allege that Dr. Kirk prescribed him Abilify which caused Plaintiff to have a seizure and that if Dr. Kirk had told Plaintiff that he was prescribing Plaintiff Abilify, Plaintiff would not have taken it. <u>Upon consideration, the Court will allow a Fourteenth Amendment deliberate indifference claim to proceed against Dr. Kirk in his individual capacity. The Court will also allow Plaintiff's state-law negligence claim to proceed against Dr. Kirk based upon this allegation.</u> In allowing these claims to proceed, the Court passes no judgment on their merit or the ultimate outcome of this action.

### 3. Donna

Plaintiff identifies Donna as the psychologist at MCDC. Although he does not specifically reference "Donna" in the complaint, he does state that he received his "prescription meds" after talking with the "psych" on June 7, 2023. The Court can discern no constitutional violation based upon this allegation. Thus, even if Plaintiff had sued Donna in her individual capacity, the Court would dismiss the claim because the allegation lacks "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### 4. Other Allegations

Plaintiff also alleges that he is not receiving the proper pain medications and that there are "lengthy wait times to treat med issues of up to a month or more." The Court finds that this allegation is simply to vague to satisfy either the objective or subjective prong of a Fourteenth Amendment claim. Thus, Plaintiff's claims based upon these allegations will also be dismissed for failure to state a claim upon which relief may be granted.

### b. First Amendment

### 1. Head Nurse Lee

Plaintiff did not sue Defendant Lee in her individual capacity, but even if he had, his claim against her would fail. Plaintiff alleges that Defendant Lee made retaliatory threats against him after he requested copies of his medical records and that "nurses are being threatened by Trina Lee if they assist me."

The Court construes this as a First Amendment retaliation claim. To set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

Plaintiff's allegations regarding Defendant Lee's "threats" fail to satisfy the second prong of this standard – that is, they fail to rise to the level of sufficiently adverse action. A specific threat of harm may satisfy the adverse-action requirement if it would deter a person of ordinary firmness from exercising his or her First Amendment rights. *See, e.g., Thaddeus-X*, 175 F.3d at 396, 398 (threat of physical harm); *Smith v. Yarrow*, 78 F. App'x 529, 542 (6th Cir. 2003) (threat to change drug test results). However, certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398; *Smith*, 78 F. App'x at 542.

Plaintiff fails to provide any allegations regarding the substance of Defendant Lee's "retaliatory threats." Thus, the Court concludes that the "threats" are too vague to deter a person of ordinary firmness from exercising his constitutional rights. *See, e.g., Lloyd v. Pettit*, No. 22-3505, 2022 U.S. App. LEXIS 32315, at *4-5 (6th Cir. Nov. 22, 2022) (holding that an unspecified

threat is simply too vague to qualify as an adverse action); *Hardy v. Adams*, No. 16-2055, 2018 U.S. App. LEXIS 9471, at *8 (6th Cir. Apr. 13, 2018) ("[T]he alleged threat by Adams that she would make Hardy's life 'hell' is simply too vague to pass this threshold."); *Dahlstrom v. Butler*, No. 2:18-cv-101, 2019 U.S. Dist. LEXIS 883, at *28 (W.D. Mich. Jan. 3, 2019) ("Krause's threat [--to 'get' a prisoner who files a grievance on Krause and 'steps out of line'--] is too vague and non-specific to deter a person of ordinary firmness from engaging in protected conduct.").

Thus, even if Plaintiff had sued Defendant Lee in her individual capacity, Plaintiff's claim against her would be subject to dismissal for these reasons.

### B.  HIPAA

Finally, Plaintiff also indicates that he is bringing a claim under the Health Information Portability and Accountability Act (HIPAA), codified at 42 U.S.C. § 1320a *et seq*. This statute does not provide a private cause of action. *See Faber v. Ciox Health, LLC*, 944 F.3d 593, 596-97 (6th Cir. 2019) ("HIPAA doesn't authorize a private cause of action."). Thus, the Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS ORDERED** as follows:

1) Plaintiff's motion to amend the complaint (DN 9) is **GRANTED**. The **Clerk of Court** is **DIRECTED to re-docket this motion as an amended complaint as of the date it was filed**.

2) **Plaintiff's claims against the Marion County Fiscal Court, Jailer Brady, Trina Lee, and Donna are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.** Since no claims remain against them, the **Clerk of Court** is **directed to terminate these Defendants as parties to the action**.

3) **Plaintiff's official-capacity claim against Jailer Brady, his HIPAA claim, and his**

**claim related to pain medication and lengthy wait times are also DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.**

The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

Date:  December 14, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, pro se
    Defendant Kirk
    Marion County Attorney
4414.011

9