UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**JONATHAN DURWOOD PUCKETT**                                                             **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 3:23-CV-P460-JHM**

**DR. WILLIAM D. KIRK** *et al.*                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon a summary-judgment motion filed by Plaintiff Jonathan Durwood Puckett (DN 75); a summary-judgment motion filed by Defendant Dr. William D. Kirk (DN 81); and a summary-judgment motion filed by Defendant Donna Agee (DN 82).

**I.**

When Plaintiff initiated this action he was incarcerated as a pretrial detainee at Marion County Detention Center [MCDC]. In the complaint (DN 1), which was signed under penalty of perjury, Plaintiff alleged that after he was prescribed Abilify by Dr. Kirk (the medical provider at MCDC) as a "med replacement," he suffered a seizure which caused him to develop vision issues. Plaintiff stated that if he had known he had been prescribed Abilify, he would have refused to take it since he had had "complications" with it in the past.

In the second amended complaint (DN 29), Plaintiff clarified his allegations against Defendant Kirk and Defendant Agee, the MCDC "psychologist," as follows:

> On June 7, 2023, the plaintiff did see and speak to Ms. Agee concerning medications previously prescribed though I was under the belief that I would receive my regular medications if ordered by Dr. Kirk. She does not provide prescriptions but has direct connection to Dr. Kirk who does. I informed her what my regular meds were and in response was told that I would receive them as the doctor orders them. At no time was abilify mentioned and there were no questions concerning past meds with adverse reactions which is something that Dr Kirk

should and possibly would have done if I met with him directly. Apparently Donna Agee as psychologist and Dr Kirk have allowed themselves to become comfortable in their relay type interactions where Ms. Agee relays certain points to Dr. Kirk and the Dr. orders meds without ever speaking to the patient directly.

On initial review of this action pursuant to 28 U.S.C. §1915A, the Court allowed Fourteenth Amendment claims for deliberate indifference to Plaintiff's serious medical need and state-law negligence claims to proceed against Defendants Dr. Kirk and Defendant Agee in their individual capacities.

In addition to the verified complaint, Plaintiff also submitted an affidavit after Defendants' summary-judgment motions were filed (DN 88). Therein, Plaintiff states that Defendant Kirk prescribed him Abilify without personally seeing him and that the medication caused Plaintiff to have a seizure. He further states that after meeting with Defendant Agee, he "was under the full expectation and belief of receiving his [previously prescribed] medications because as no alternative treatment was ever discussed with the patient concerning different medications, side effects, potential hazardous effects, or past negative experience as no consent was ever given for alternative treatment. . . ." (*Id*. at PageID #: 3-4).

Because Defendants produced no evidence in support of their claims, the evidence presented by Plaintiff is undisputed.

## II.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific facts showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Factual differences

are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id*. at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cnty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

Title 28 U.S.C. § 1746 permits a document signed and dated under penalty of perjury to be used instead of a sworn declaration or affidavit. *See El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008) ("[A] verified complaint . . . carries the same weight as would an affidavit for the purposes of summary judgment.") (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

### III.

#### A. SUMMARY-JUDGMENT MOTIONS

#### 1. Plaintiff's Motion for Summary Judgment (DN 75)

In Plaintiff's motion for summary judgment, he reiterates the facts set forth above. Plaintiff states that when he met with Defendant Agee, they discussed his mental health diagnoses, and that he informed her of the six medications he was taking for them. Plaintiff states that Defendant Agee took notes during this discussion and that he was under the impression that he would be

receiving the medications they discussed. Plaintiff states that no alternative medications were mentioned. He states that later that day, "without direct consultation of the patient and no notification of the medication to be changed . . . and without the patient's consent to that change, Defendant Kirk ordered Abilify [for Plaintiff]." (DN 75, PageID #: 365). Plaintiff states that no one informed him of this change in medication or discussed with him the possible side effects of the new medication. Plaintiff argues that if Defendant Kirk had consulted with him directly and/or reviewed his medical records he would have known that Abilify had previously caused Plaintiff to have an adverse reaction.[1]

In support of his motion for summary judgment, Plaintiff submits various medical records and certain responses Defendants made to his interrogatories. (DN 75-1). His medical records show that he had been diagnosed with multiple serious mental health disorders and had been prescribed several medications for those disorders prior to his incarceration at MCDC. (*Id*. at PageID#: 372-75). His medical records from MCDC reflect that Plaintiff reported that he had a seizure after taking one dose of Abilify. (*Id*. at PageID#: 378-79).

### 2. Defendants' Motions for Summary Judgment (DNs 81 & 82)

In both of their motions for summary judgments (DNs 81 & 82), Defendants argues that summary judgment must be entered in their favor because Plaintiff failed to provide expert testimony to support either his Fourteenth Amendment claims or his state-law negligence claims.

In his response to these motions (DN 91), Plaintiff engages in a long discussion of a Kentucky statute regarding informed consent and Kentucky case law regarding informed consent,

---

[1] In the remainder of the motion, Plaintiff states that during he never received Defendant Agee's psychotherapy notes or his most recent medication list which Defendants indicated they were subpoenaing from the jail where he was previously incarcerated in Texas. The Court finds that this additional evidence would not alter its ruling on the summary-judgment motions now before the Court.

negligence, and expert testimony. He then briefly states that the evidence he has provided shows that Defendants acted with "deliberate indifference" to his medical care.

In Defendant Kirk's reply (DN 92), he observes that Plaintiff cited to overruled case law regarding informed consent in Kentucky.

### B. ANALYSIS

While the Eighth Amendment protects the rights of convicted prisoners with regard to medical care, it is the Fourteenth Amendment that protects the rights of pretrial detainees. *Helphenstine v. Lewis Cnty., Ky.*, 60 F.4th 305, 315 (6th Cir. 2023). Until recently, courts in the Sixth Circuit analyzed Eighth Amendment medical care claims brought by convicted prisoners under the same rubric that they analyzed Fourteenth Amendment medical care claims brought by pretrial detainees. *Id*. Under that rubric, a prisoner had to satisfy a two-prong test by demonstrating that (1) he suffered from a "sufficiently serious medical need" (the objective prong); and (2) the defendant had a "sufficiently culpable state of mind" *i.e.*, acted with deliberate indifference to the serious medical need (the subjective prong). *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895-96. (6th Cir. 2004) (citations omitted). However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit modified the subjective prong of this test for pretrial detainees. *Id*. at 596. Notably, the Sixth Circuit has specifically stated that *Brawner* left the objective prong "untouched." *Hyman v. Lewis*, 27 F. 4th 1233, 1237 (6th Cir. 2022).

#### 1. Objective Prong

In their motions, Defendants rely upon *Phillips v. Tangilag*, 14 F.4th 524, 531(6th Cir. 2021), an Eighth Amendment case, and argue that they are entitled to summary judgment on

5

Plaintiff's Fourteenth Amendment claims because Plaintiff has not produced expert medical evidence to satisfy the objective prong of the standard set forth above.

Upon consideration, the Court concludes that it need not determine whether Plaintiff's evidence satisfies the requirements of *Phillips* as to the objective prong because it concludes, as set forth below, that his evidence fails to satisfy the subjective prong of the Fourteenth Amendment standard.

### 2. Subjective Prong

In *Helphenstine*, the Sixth Circuit clarified how *Brawner* had modified the subjective prong of Fourteenth Amendment claims brought by pretrial detainees. It stated:

> "A pretrial detainee must prove *more than negligence* but less than subjective intent - something akin to reckless disregard." [*Brawner*, 14 F.4th at 596.] In other words, a plaintiff must prove that a defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. (quoting *Farmer*, 511 U.S. at 836).

60 F. 4th at 315-316 (emphasis added).

In his filings, Plaintiff essentially argues that Defendants failed to take three reasonable steps – any one of which would have prevented him being prescribed Abilify and having a seizure. He argues that Defendants should have notified him before Abilify was prescribed so that he could have told them that he had previously had "complications" with the drug in the past; Defendants should have checked his medical records before Abilify was prescribed because the records would have shown that Abilify had previously caused him to have "complications." Plaintiff also argues that Defendant Kirk should have personally seen him before he prescribed a new medication for Plaintiff so that Plaintiff could have told him about his history with Abilify.

Upon careful consideration, the Court concludes that Defendants' failure to take these specific actions sounds more in negligence than in recklessness. *See Westlake*, 537 F.2d at 860

n.5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Sanderfer v. Nichols*, 62 F.3d 151, 155 (6th Cir. 1995) ("While perhaps in hindsight [defendant] should have checked [inmate's] medical history records, her failure to do so is negligence at most."); *Moore v. Williams*, 4:20-cv-1416-RLW, 2021 U.S. Dist. LEXIS 20587, at *9 (E.D. Mo. Feb. 3, 2021) (doctor's failure to check medical records before prescribing a new medication that the plaintiff was allergic to shows "at most, that he was negligent" when determining what antibiotic to prescribe); *Chandler v. Syed*, No. 19-cv-138-bbc, 2020 U.S. Dist. LEXIS 71611, at *6 (W.D. Wisc. Apr. 23, 2020) (finding only a one-time "mistake" akin to negligence where a defendant nurse allowed the plaintiff to be prescribed a medication that she should have known the plaintiff was allergic to); *Mason v. Eddy*, No. 1:18 CV 2968, 2019 U.S. Dist. LEXIS 134550, at *22-23 (N.D. Ohio Aug. 9, 2019) (holding that a failure to communicate a medication change "constitutes negligence, at most"); *Anger v. Bureau of Health Servs.*, No. 13-12143, 2014 U.S. Dist. LEXIS 28247, at *34 (E.D. Mich. Jan. 8, 2014) (implying that it is only negligence when a doctor fails to obtain informed consent before changing a prisoner's mental health medications); *Glatts v. Lockett*, No. 09-29, 2011 U.S. Dist. LEXIS 19379, at *27 (W.D. Pa. Feb. 28, 2011) (finding only negligence where that doctor reduced the prisoner's pain medication by half after his return from orthopedic surgery without first examining him); *Tate v. Cal. Dep't of Corr. & Rehab*, No. 1:10cv01854 LJO DLB, 2011 U.S. Dist. LEXIS 47283, at *2 (E.D. Cal. May 2, 2011) (holding that allegations that a doctor changed a parolee's mental health medication without examining the parolee amounts to no more than "mere negligence").

In light of this jurisprudence, the Court concludes that the undisputed evidence presented by Plaintiff is not evidence upon which a jury could reasonably find that either Defendant acted with reckless disregard, and not merely negligence, when Plaintiff was prescribed Abilify. Thus, the Court finds that Defendants are entitled to summary judgment on Plaintiff's Fourteenth Amendment claims.

### C. STATE-LAW CLAIMS

As to Plaintiff's remaining state-law claims, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in situations when "the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."). Accordingly, the Court will dismiss Plaintiff's state-law claims without prejudice.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Defendants' motions for summary judgment (DNs 81 & 82) are **GRANTED** and that Plaintiff's motion for summary judgment (DN 75) is **DENIED**.

Date: February 10, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of Record
4414.011