UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JONATHAN DURWOOD PUCKETT                                         PLAINTIFF

v.                                               CIVIL ACTION NO. 3:23-CV-P460-JHM

DR. WILLIAM D. KIRK *et al.*                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by Plaintiff Jonathan Durwood Puckett for reconsideration of the Court's Memorandum Opinion and Order granting Defendants' motions for summary judgment (DN 101). By separate Order entered this date, the Court determined that it would construe this motion as a motion brought pursuant to Fed. R. Civ. P. 59(e) to alter or amend a judgment.

**I.**

Plaintiff initiated this 42 U.S.C. § 1983 prisoner civil-rights action on September 6, 2023. On initial review of the complaint and amended complaint, the Court allowed a Fourteenth Amendment claim for deliberate indifference to a serious medical need and a state-law negligence claim to proceed against Dr. William D. Kirk in his individual capacity (DN 16). The Court subsequently granted Plaintiff leave to amend the complaint to add a Fourteenth Amendment claim for deliberate indifference to a serious medical need and a state-law negligence claim against Donna Agee in her individual capacity (DN 28). The Court allowed these claims to proceed based upon Plaintiff's allegations that Defendants' actions resulted in him having a seizure after being prescribed Abilify.

On August 9, 2024, Defendants Kirk and Agee filed separate motions for summary judgment (DNs 81 & 82). The Court then entered an Order which directed Plaintiff to file a response and which provided guidance on how to respond to a motion for summary judgment

under Rule 56 of the Federal Rules of Civil Procedure in accordance with *United States v. Ninety-Three Firearms*, 330 F.3d 414, 427 (6th Cir. 2003) (DN 83). That Order specifically advised Plaintiff that "he must support his facts with affidavits (his own statement or witness statements, either sworn or signed under penalty of perjury) and/or other documents contradicting the material facts asserted by Defendant. Otherwise, the Court may accept Defendants' facts as true and grant judgment in favor of Defendants without a trial." (*Id*.) On October 28, 2024, Plaintiff filed a response which did not have any evidence attached in support (DN 91).[1] Defendant Kirk then filed a reply (DN 92). Approximately one month later, Plaintiff filed a motion stating that he had not received a copy of the reply and asked that he be granted a motion for an extension of time to file a sur-reply. The Court denied that motion stating that because Plaintiff had not received a copy of the sur-reply, he could not argue that the sur-reply contained new arguments or evidence (DN 94) (citing *Seay v. TVA*, 339 F.3d 454, 481 (6th Cir. 2003) ("Although the Federal Rules of Civil Procedure do not expressly permit the filing of surreplies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'")).[2]

As stated above, the Court ruled on Defendants' motions for summary judgment on February 11, 2025 (DN 95). In that Memorandum Opinion and Order, the Court construed Plaintiff's arguments to be as follows - that Defendants should have notified him before Abilify was prescribed so that he could have told them that he had previously had complications/seizures

---

[1] By separate Order entered this date, the Court denied Plaintiff's motion, filed a few days after the Court ruled upon the summary-judgment motions at issue here, to supplement the record with three affidavits he had signed. The Court denied the motion on the ground that Plaintiff should have filed any evidence in support of his claims with his response to Defendants' motions for summary judgment.

[2] In another Order entered this date, the Court also denied Plaintiff's motion to reconsider the order denying leave to file a sur-reply. The Court denied that motion because, despite Plaintiff's assertions to the contrary, Defendant Kirk's reply did not contain a new argument regarding the need for Plaintiff to present expert testimony in support of his claims - Defendant Kirk made that argument in his motion for summary judgment. Moreover, the Court did not rely on that argument in granting summary judgment in Defendants' favor.

with the drug in the past; that Defendants should have checked his medical records before Abilify was prescribed because the records would have shown that Abilify had previously caused him to have seizures; and that Defendant Kirk should have personally seen him before he prescribed a new medication for Plaintiff so that Plaintiff could have told him about his history with Abilify. The Court then concluded that it need not determine whether the evidence showed that Plaintiff had an objectively serious medical condition, because the undisputed evidence presented by Plaintiff was not such that a reasonable jury could find that the actions of either Defendant satisfied the subjective prong of the Fourteenth Amendment standard for deliberate indifference to a serious medical need. The Court held that Defendants' actions sounded more in negligence than in recklessness and granted judgment in Defendants' favor as to Plaintiff's claims against them. The Court dismissed Plaintiff's state-law claims against Defendants without prejudice.

## II.

A motion made pursuant to Rule 59(e) allows a district court an opportunity to fix its own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2015) (citation omitted). A Rule 59(e) motion should be granted when there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citation omitted).

Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation and quotation marks omitted); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[U]nder Rule 59(e), parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before

3

a judgment was issued."). Moreover, "a Rule 59(e) motion may not 'merely rehash[] the arguments previously considered by the Court.'" *Devor v. UPS Co. Air*, No. 3:21-cv-478-DJH, 2023 U.S. Dist. LEXIS 54611, at *5 (W.D. Ky. Mar. 13, 2023) (quoting *Grider v. Irvin*, No. 1:06CV-00053-TBR, 2007 U.S. Dist. LEXIS 92494, at *3 (W.D. Ky. Dec. 17, 2007)); *see also Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991).

Upon review, the Court construes the motion as asserting that the Court made a clear error of law and that the Court's failure to consider the five affidavits he belatedly presented to the Court resulted in a "manifest injustice."

### III.

#### A. Clear Error of Law

##### 1. Deliberate Indifference

Plaintiff first seems to argue that the Court erred when it determined that his claims should be analyzed under the Fourteenth Amendment instead of the Eighth Amendment. In the complaint, Plaintiff indicated that he was a pretrial detainee. In the instant motion, Plaintiff states that he was also a convicted prisoner at that time he filed the complaint.

However, even if the Court had analyzed Plaintiff's claims under the Eighth Amendment, his claims would still fail. As stated above, the Court granted Defendants' motion for summary judgment because the evidence presented by Plaintiff was not such that a reasonable jury could find that it satisfied the subjective component of his claims against Defendants – that they had acted with reckless toward Plaintiff's serious medical needs. Indeed, in that Memorandum Opinion and Order, the Court explained as follows:

> While the Eighth Amendment protects the rights of convicted prisoners with regard to medical care, it is the Fourteenth Amendment that protects the rights of pretrial detainees. *Helphenstine v. Lewis Cnty., Ky.,* 60 F.4th 305, 315 (6th Cir. 2023). Until recently, courts in the Sixth Circuit analyzed Eighth Amendment medical care

4

>claims brought by convicted prisoners under the same rubric that they analyzed Fourteenth Amendment medical care claims brought by pretrial detainees. *Id*. Under that rubric, a prisoner had to satisfy a two-prong test by demonstrating that (1) he suffered from a "sufficiently serious medical need" (the objective prong); and (2) the defendant had a "sufficiently culpable state of mind" *i.e.*, acted with deliberate indifference to the serious medical need (the subjective prong). *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895-96 (6th Cir. 2004) (citations omitted). However, in *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 591 (6th Cir. 2021), the Sixth Circuit modified the subjective prong of this test for pretrial detainees. *Id*. at 596. . . .
>
>In *Helphenstine*, the Sixth Circuit clarified how *Brawner* had modified the subjective prong of Fourteenth Amendment claims brought by pretrial detainees. It stated:
>
>>"A pretrial detainee must prove *more than negligence* but less than subjective intent - something akin to reckless disregard." [*Brawner*, 14 F.4th at 596.] In other words, a plaintiff must prove that a defendant "acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. (quoting *Farmer*, 511 U.S. at 836).
>
>60 F. 4th at 315-316 (emphasis added).

(DN 95, PageID #: 490-91).

Thus, as *Helphenstine* makes clear, the subjective prong of the deliberate indifference standard of the Fourteenth Amendment requires a plaintiff to prove less than the subjective prong of the deliberate indifference standard of the Eighth Amendment. That is, a pretrial detainee need only show that defendants acted with reckless disregard to their serious medical needs while a convicted prisoner must show "subjective intent." Thus, even if the Court had analyzed Plaintiff's claims under the Eighth Amendment, the Court would still have concluded that Plaintiff's evidence failed to satisfy the subjective prong of his claims.[3]

---

[3] Moreover, to the extent that Plaintiff argues that his rights were also violated under the Equal Protection Clause of the Fourteenth Amendment, the Court did not allow an equal protection claim to proceed on initial review and Plaintiff cannot assert such a claim now.

Plaintiff also argues throughout his motion for reconsideration that the evidence he presented shows that Defendants acted with deliberate indifference under the standard set forth in *Helphenstine*. However, as explained above, a Rule 59(e) motion may not be used to rehash arguments previously presented. Plaintiff made his case for deliberate indifference in his response to Defendants motions for summary judgment and the Court found that it was lacking.

### 2. 42 U.S.C. § 9501

Plaintiff also argues that the Court should not have granted summary judgment to Defendants because the evidence shows that his rights were violated under 42 U.S.C. § 9501, which is also known as the Mental Health Bill of Rights. However, not only did the Court not allow a claim under this statute to proceed on initial review, courts have consistently held that this statute does not create enforceable federal rights or duties or a provide a private cause of action. *Townsend v. Milz*, No. 2:23-cv-12089, 2024 U.S. Dist. LEXIS 52662, at \*12 (E.D. Mich. Feb. 27, 2024) (citing *Smith v. Au Sable Valley Cmty. Mental Health Servs.*, 431 F. Supp. 2d 743, 750 (E.D. Mich. 2006)); *Barlow-Johnson v. Ctr. For Youth & Fam. Sols.*, No. 22-cv-3214, 2023 U.S. Dist. LEXIS 159183, at \*23 (C.D. Ill. Sept. 8, 2023) (citing *Green v. Lichtcsien*, No. 00 C 0563, 2001 U.S. Dist. LEXIS 747 (N.D. Ill. Jan. 26, 2001) (collecting cases)); *Styles v. Eckert*, No. 9:19-CV-1392 (BKS/DJS), 2019 U.S. Dist. LEXIS 232540, at \*29 (N.D.N.Y. Dec. 19, 2019) (collecting cases); *Boiko v. Santa Cruz Cnty.*, No. 18-cv-03324-NC, 2018 U.S. Dist. LEXIS 231410, at \*6 (N.D. Cal. June 21, 2018) (citing *Endsley v. Luna*, No. 06-cv-04100-DSF-SS, 2009 U.S. Dist. LEXIS 105759 (C.D. Cal. Nov. 12, 2009)).

### 2. Need to Prevent Manifest Injustice

As explained above, shortly after the Court ruled on Defendants' motions for summary judgment, Plaintiff filed a motion for leave to supplement the record with five affidavits he had

6

drafted and signed. Based on the dates of the Court's Memorandum Opinion and Order and Judgment and Plaintiff's motion to supplement, it is evident that these documents crossed in the mail. However, as also explained above, the Court considered and denied Plaintiff's motion to supplement the record with the five affidavits in a separate Order entered this date.

Nonetheless, in the instant motion for reconsideration, he again asks the Court to consider the affidavits. The Court construes Plaintiff's argument to be that it would result in a manifest injustice to Plaintiff if the Court did not consider these affidavits in ruling upon Defendants' motions for summary judgment. Thus, the Court will consider the affidavits here. In the first, Plaintiff avers that he was seen by an outside medical provider who recommended that Plaintiff be housed at a facility where he could receive his "previous successful medications, . . . which Dr. Kirk [] failed to order, causing [Plaintiff to have seizure as a result of prescribing Abilify]." (DN 99-1, PageID #: 513). In the second, Plaintiff avers that Dr. Kirk "does have the ability to prescribe non-formulary medication yet refused to do so, which in my belief is deliberately indifferent to the serious conditions and prior history shown." (*Id.*, PageID #: 514). In the third affidavit, Plaintiff restates what medications he was on for his mental health conditions at the time he was transferred to the jail where he was treated by Defendants. The purpose of this affidavit seems to be to show that he was not being prescribed Abilify before he was treated by Defendants. (*Id.*, PageID #: 515). In the fourth affidavit, Plaintiff avers that he told Defendant Agee what medications he was taking and that she told him his "meds would be submitted for order. At this time, I was wholly unaware of a separate provider at all and knew nothing of and had not spoken to Dr. Kirk." (*Id.*, PageID #: 516). In the fifth affidavit, Plaintiff avers that he did not consent to being prescribed Abilify, was not informed that he had been prescribed Abilify, and "was not questioned as to any possible previous negative or adverse reactions" to Abilify. (*Id.*, PageID #: 516).

Upon review, the Court concludes that these affidavits contain no information that would have changed the Court's determination that "no jury could reasonably find that either Defendant acted with reckless disregard, and not merely negligence, when Plaintiff was prescribed Abilify." (DN 95, PageID #:493). *See Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."); *Sanderfer v. Nichols*, 62 F.3d 151, 155 (6th Cir. 1995) ("While perhaps in hindsight [defendant] should have checked [inmate's] medical history records, her failure to do so is negligence at most."); *Moore v. Williams*, 4:20-cv-1416-RLW, 2021 U.S. Dist. LEXIS 20587, at *9 (E.D. Mo. Feb. 3, 2021) (doctor's failure to check medical records before prescribing a new medication that the plaintiff was allergic to shows "at most, that he was negligent" when determining what antibiotic to prescribe); *Chandler v. Syed*, No. 19-cv-138-bbc, 2020 U.S. Dist. LEXIS 71611, at *6 (W.D. Wisc. Apr. 23, 2020) (finding only a one-time "mistake" akin to negligence where a defendant nurse allowed the plaintiff to be prescribed a medication that she should have known the plaintiff was allergic to); *Mason v. Eddy*, No. 1:18 CV 2968, 2019 U.S. Dist. LEXIS 134550, at *22-23 (N.D. Ohio Aug. 9, 2019) (holding that a failure to communicate a medication change "constitutes negligence, at most"); *Anger v. Bureau of Health Servs.*, No. 13-12143, 2014 U.S. Dist. LEXIS 28247, at *34 (E.D. Mich. Jan. 8, 2014) (implying that it is only negligence when a doctor fails to obtain informed consent before changing a prisoner's mental health medications); *Glatts v. Lockett*, No. 09-29, 2011 U.S. Dist. LEXIS 19379, at *27 (W.D. Pa. Feb. 28, 2011) (finding only negligence where a doctor reduced the prisoner's pain medication by half after his return from orthopedic surgery without first examining him); *Tate v. Cal. Dep't of Corr. & Rehab*, No. 1:10cv01854 LJO DLB, 2011 U.S. Dist. LEXIS 47283, at *2

(E.D. Cal. May 2, 2011) (holding that allegations that a doctor changed a parolee's mental health medication without examining the parolee amounts to no more than "mere negligence").

Thus, the Court concludes that its inability to consider these affidavits at the time it ruled on Defendants' motions for summary-judgment did not result in a "manifest injustice" to Plaintiff.

### IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Rule 59(e) motion to alter or amend the Court's judgment (DN 101) is **DENIED**.

Date: May 6, 2025

*Joseph H. McKinley Jr., Senior Judge*
*United States District Court*

cc: Plaintiff, *pro se*
    Counsel of Record
4414.011